UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



| | | |
|---|---|---|
| In re: | ) | Case No. 16-11071 |
| DENITRA M. LARKIN, | ) | Chapter 7 |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |
| | ) | |
| DOUG WOODS, | ) | Adversary Proceeding No. 16-1073 |
| Plaintiff, | ) | |
| v. | ) | |
| DENITRA M. LARKIN, | ) | **MEMORANDUM OF OPINION AND ORDER**[1] |
| Defendant. | ) | |

Plaintiff Doug Woods obtained a default judgment against the debtor-defendant Denitra Larkin finding that a judgment debt in the amount of $13,677.07, plus court costs and interest, is not dischargeable. The debtor moves to reopen the adversary proceeding so that she may obtain relief from that judgment, and the plaintiff opposes the request. (Docket 20, 22). The Court heard the matter on December 1, 2016 and took it under submission. For the reasons stated below, the debtor's motion is denied.

## JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under

---

[1] This memorandum of opinion and order is not intended for commercial publication, either print or electronic.

28 U.S.C. § 157(b)(2)(I), and it is within the court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 564 U.S. 462 (2011) and its progeny.

## DISCUSSION

### A. The Facts

In 2013, the plaintiff obtained a state court judgment against the debtor in the amount of $13,677.87, plus interest and costs, for damages to leased premises. The plaintiff, who is representing himself, filed this adversary proceeding asserting that the debt is not dischargeable. The debtor failed to respond to the complaint and the clerk entered default. This Court then entered a default judgment in the plaintiff's favor determining that the judgment debt is not dischargeable (the judgment). The complaint was served on the debtor, while the application for the clerk's entry of default and the motion for default judgment were served on both the debtor and her counsel.

### B. The Motion

The debtor moves to reopen the adversary proceeding so that she can obtain relief from the judgment under Federal Civil Rule 60(b). That rule authorizes the court to grant relief for these reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b) (made applicable here by FED. R. BANKR. P. 9024). A party seeking this relief must prove by clear and convincing evidence that grounds exist. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008). Because a motion to reopen is not a predicate to filing a 60(b) motion, and because both the debtor and the creditor set forth their arguments for and against such relief, the Court will treat the motion as her request for relief under the rule.

The debtor does not identify any specific subsection of Rule 60(b), but argues that relief from the judgment is appropriate based on procedural deficiencies in that: (1) the complaint failed to allege fraud with particularity; and (2) the debt at issue was not owed to the plaintiff because the leased property was owned by a different party. These reasons do not fit within any of the Rule 60(b) provisions. Any issue regarding the sufficiency of the complaint is a point of law, which could have been raised earlier but is not the appropriate subject of a Rule 60(b) motion. *Gourlay v. Sallie Mae Inc. (In re Gourlay)*, 465 B.R. 124, 127 (B.A.P. 6th Cir. 2012). Moreover, the face of the complaint shows that the circumstances alleged to have constituted fraud were sufficiently pled. *See* FED. R. CIV. P. 9(b) (made applicable by FED. R. BANKR. P. 7009) (requiring that circumstances constituting fraud must be stated "with particularity"). Additionally, it is too late to argue that the debt is owed to someone other than the plaintiff— the state court already determined the debtor's liability to the plaintiff and the amount of the debt. And that determination is binding on this Court. *Staskus v. Gene Weiss' Place for Fitness*, 145 F.3d 1333 at *1 (6th Cir. 1998) (unpublished opinion).

Frequently, a party seeking relief from a default judgment relies on Rule 60(b)(1), which requires them to show that their failure to defend was the result of excusable neglect. The debtor did not request relief on that basis. Moreover, it is clear that such relief is not available because counsel was unable to provide any explanation at the hearing for why the debtor failed to defend.

## **CONCLUSION**

As the debtor failed to establish that there is a basis for granting relief from the judgment, her motion is denied.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

To be served by the clerk's office by regular U.S. mail on:
    Mr. Doug Woods, P.O. Box 201204, Cleveland, OH 44120